**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BYRON BELIN, | No. 23-55372 |
| Plaintiff-Appellant, | D.C. No.<br>2:21-cv-09586-FWS-PLA |
| v. | |
| STARZ ENTERTAINMENT, LLC, a<br>Colorado limited liability company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted March 28, 2024
Pasadena, California

Before: RAWLINSON, LEE, and BRESS, Circuit Judges.

Byron Belin sued Starz Entertainment, Lions Gate Entertainment, Curtis Jackson, G-Unit Brands, Inc., and G-Unit Film and Television, Inc for trademark infringement. The district court dismissed Belin's lawsuit with prejudice, ruling that the defendants' alleged use of Belin's mark—"BMF"—was protected by the First Amendment and therefore outside the scope of the trademark laws. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Belin registered and uses the trademark "BMF" (which stands for "Building Money First") in connection with a variety of entertainment products, including a show available on YouTube. After he learned that the defendants were planning to use the BMF mark for a new Starz network show called Black Mafia Family, Belin sent multiple cease-and-desist letters and eventually sued.

The district court, applying the test from *Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989), held that the defendants' use of the BMF mark was protected by the First Amendment. The district court declined Belin's request to stay the case pending the Supreme Court's decision in *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140 (2023). Several months after the district court dismissed Belin's lawsuit, the Supreme Court decided *Jack Daniel's*, limiting the scope of *Rogers*' protection. *See Jack Daniel's*, 599 U.S. at 145. After the *Jack Daniel's* decision, application of the *Rogers* test "is not appropriate when the accused infringer has used a trademark to designate the source of its own goods—in other words, has used a trademark as a trademark." *Id*.

The district court did not determine whether the defendants use the BMF mark as a trademark. And the briefing before us on that question is limited. "As a federal court of appeals, we must always be mindful that we are a court of review, not first view." *Roth v. Foris Ventures, LLC*, 86 F.4th 832, 838 (9th Cir. 2023) (quotations

2

and citations omitted). We thus remand for the district court to consider in the first instance whether the defendants use the BMF mark as a trademark. If the district court determines that they use the BMF mark to designate the source of their own goods, then *Rogers* no longer applies, and the court should proceed to the traditional likelihood of confusion analysis. *See Punchbowl, Inc. v. AJ Press, Inc.*, 90 F.4th 1022, 1024 (9th Cir. 2024).

In light of our decision to vacate and remand, we do not reach Belin's argument that the district court erred in denying Belin's request to convert the motion to dismiss to a motion for summary judgment.

**VACATED and REMANDED.**